IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BRUCE LAVERNE GARDNER,            )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )     Civil Action No. 14-218-E
                                  )
CAROLYN W. COLVIN, ACTING         )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )


O R D E R

     AND NOW, this 30th day of September, 2015, upon

consideration of Defendant's Motion for Summary Judgment (Doc.

No. 10) filed in the above-captioned matter on February 4, 2015,

     IT IS HEREBY ORDERED that said Motion is DENIED.

     AND, further, upon consideration of Plaintiff's Motion for

Summary Judgment (Doc. No. 8) filed in the above-captioned

matter on January 5, 2015,

     IT IS HEREBY ORDERED that said Motion is GRANTED IN PART

and DENIED IN PART.  Specifically, Plaintiff's Motion is granted

to the extent that it seeks a remand to the Commissioner of

Social Security ("Commissioner") for further evaluation as set

forth below, and denied in all other respects.  Accordingly,

this matter is hereby remanded to the Commissioner for further

evaluation under sentence four of 42 U.S.C. § 405(g) in light of

this Order.

1

## I. Background

On April 22, 2011, Plaintiff Bruce Laverne Gardner protectively filed his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (R. 13, 106, 131). Specifically, Plaintiff claimed that he became disabled on November 11, 2004, due to hepatitis C, rheumatoid and osteo arthritis, chronic obstructive pulmonary disease ("COPD"), and left side issues. (R. 13, 131, 135). After being denied initially on July 26, 2011, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 18, 2013. (R. 47, 26-46). In a decision dated January 29, 2013, the ALJ denied Plaintiff's request for benefits. (R. 13-21). The Appeals Council declined to review the ALJ's decision on June 25, 2014. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A

claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three

4

and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

5

## III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December 31, 2010, his date last insured. (R. 16). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that he was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability on November 11, 2004. (R. 16). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had several severe impairments, specifically, COPD, emphysema, rheumatoid arthritis, a history of "mini strokes" or cerebral vascular accidents, and a history of hepatitis C. He found, however, that Plaintiff's seizure disorder, epilepsy, and osteoporosis did not constitute severe impairments. (R. 16-17). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 17).

The ALJ found that Plaintiff retained the RFC to perform a full range of light work except that he should avoid exposure to concentrated environmental irritants such as gases, fumes, and smoke. (R. 17-20). Based on this RFC, Plaintiff established

that he is incapable of returning to his past employment;

therefore, the ALJ moved on to Step Five. (R. 21). Based on

Plaintiff's age, education, past relevant work experience, lack

of transferrable job skills, and RFC, the ALJ, applying the

Medical-Vocational Rules, found that Plaintiff could perform

jobs that exist in significant numbers in the national economy.

(Id.). Accordingly, the ALJ found that Plaintiff was not

disabled. (Id.).

**IV. Legal Analysis**

Plaintiff raises two primary arguments as to why he

believes that the ALJ erred in his evaluation of the medical

evidence, in finding that Plaintiff could perform light work,

and in finding him to be not disabled. The Court agrees with

Plaintiff as to his first argument and finds that substantial

evidence does not support the ALJ's decision in regard to his

consideration of the opinion of consultative examiner Dr. V. Rao

Nadella, M.D., or to his determination of Plaintiff's RFC.

Accordingly, the Court will remand the case for further

consideration.[1]

In October of 2012, Dr. Nadella performed a consultative

examination of Plaintiff and later offered his opinion as to

Plaintiff's occupational limitations. As part of this opinion,

---

[1]     While the Court does not reach Plaintiff's second argument,
on remand, the ALJ should, of course, properly consider and
evaluate all of the medical evidence of record.

he found that Plaintiff could stand and walk a cumulative of 3-4

hours out of an eight-hour day.  (R. 402)  In addition to this

exertional limitation, Dr. Nadella also found that Plaintiff had

several non-exertional limitations, including postural

limitations restricting him to only occasional bending,

kneeling, stooping, crouching, and climbing, and no balancing.

He also suggested that Plaintiff should avoid heights and moving

machinery.  (R. 403).  The ALJ gave this opinion no weight,

found that Plaintiff was not limited to 3-4 hours of standing

and/or walking, and did not include any of the non-exertional

limitations opined by Dr. Nadella in Plaintiff's RFC.[2] (R. 17,

20).

        The ALJ provided two reasons for rejecting Dr.

Nadella's opinion and not including his findings in the RFC.

_____

[2]     RFC is defined as "that which an individual is still able
to do despite the limitations caused by his or her
impairment(s)."  Fargnoli, 247 F.3d at 40.  See also 20 C.F.R. §
404.1545(a).  Not only must an ALJ consider all relevant
evidence in determining an individual's RFC, the RFC finding
"must 'be accompanied by a clear and satisfactory explication of
the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting
Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)).  "'[A]n
examiner's findings should be as comprehensive and analytical as
feasible and, where appropriate, should include a statement of
subordinate factual foundations on which ultimate factual
conclusions are based, so that a reviewing court may know the
basis for the decision.'"  Id. (quoting Cotter, 642 F.2d at
705).  See also S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7
("The RFC assessment must include a narrative discussion
describing how the evidence supports each conclusion, citing
specific medical facts (e.g., laboratory findings) and
nonmedical evidence (e.g., daily activities, observations).").

First, he stated that Dr. Nadella did not have access to the

complete medical record, but did not explain what material in

the medical record would contradict Dr. Nadella's findings.  (R.

20).  Second, the ALJ asserts that the doctor's consultative

finding that Plaintiff could only stand and walk for a total of

3-4 hours in an eight-hour workday, thereby reducing Plaintiff

to sedentary work, was "not supported by the physician's own

examination, which showed that the claimant could ambulate

without assistance."  (Id.).  However, this mischaracterizes Dr.

Nadella's findings.

Dr. Nadella found that Plaintiff "is able to walk **short

distances** without any assistive device and he did not bring any

assistive device or ambulation and was able to ambulate **shorter

distances** in the office with some favoring of the left lower

extremity."  (R. 319)(emphasis added).  He also noted that

Plaintiff's motion and gait were slow and that he walked

favoring his left side.  He further found Plaintiff's straight

leg raising tests to be positive, especially in regard to the

left leg.  (Id.).  Therefore, the consultative examiner very

specifically found only that Plaintiff can walk unassisted for

short distances, and even then slowly and unevenly, and there is

nothing inconsistent with such a finding and his opinion that

Plaintiff was limited to 3-4 hours of standing and walking in an

eight-hour day, particularly in light of the other findings

suggesting issues with Plaintiff's ability to walk.  The ALJ, in

rejecting the opinion outright, implied that Dr. Nadella's

examination had found that Plaintiff could ambulate without

assistance on an unlimited basis, when this was not the case.

Dr. Nadella, who understood his findings better than anyone,

found that the limited ability to ambulate without assistance

that he observed upon examination was consistent with the

ability to stand and walk 3-4 hours during the course of a

workday, and the ALJ failed to explain how this was in error.

By no means is the Court suggesting that the ALJ was

required to accept Dr. Nadella's opinion that Plaintiff was

limited in his walking and therefore limited to sedentary work.[3]

Indeed, there was actually a conflicting opinion in the record,

as Dr. Vernon Gussell, the physician who reviewed the medical

record and testified as an impartial medical expert at the

hearing, opined that Plaintiff could perform a full range of

light work.  (R. 42).  To be sure, where medical opinions

conflict, "the ALJ may choose whom to credit," but "'cannot

reject evidence for no reason or for the wrong reason.'"

Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429).

Here, by mischaracterizing consultative examiner Nadella's

---

[3]    The full range of light work generally requires standing
and walking for a total of approximately 6 hours of an eight-
hour day.  See Jesurum v. Sec. of U.S. Dept. of Health & Human
Servs., 48 F.3d 114, 119 (3d Cir. 1995) (citing S.S.R. 83-10,
1983 WL 31251 (S.S.A.)).  See generally 20 C.F.R. § 404.1567(b).

findings, by failing to substantiate the alleged inconsistency

between the consultative examiner's opinion and his findings,

and by failing to explain how the fact that he lacked the entire

medical record impacted those findings, the ALJ rejected Dr.

Nadella's opinion regarding Plaintiff's ability to stand and

walk for the wrong reason.

Moreover, while only indirectly raised by Plaintiff, the

ALJ also failed entirely to discuss the consultative examiner's

findings regarding Plaintiff's non-exertional limitations.

These findings, especially that Plaintiff was precluded entirely

from balancing, and in light of his limitation to occasionally

engaging in the other postural activities, could have had some

impact on Plaintiff's ability to perform a full range of light

work.  See Baker v. Commissioner of Soc. Sec., 2014 WL 1317300

(W.D. Pa. Mar. 31, 2014); S.S.R. 85-15, 1985 WL 56857 (S.S.A.);

S.S.R. 83-14, 1983 WL 31254 (S.S.A.).  They also may have

necessitated the need for a vocational expert.  Therefore, even

assuming that the ALJ was correct in rejecting Dr. Nadella's

opinion that Plaintiff was limited to sedentary work by virtue

of the amount of time he could stand and walk, the consultant's

opinion regarding Plaintiff's non-exertional limitations also

potentially conflicted with the ALJ's RFC finding, which

contained no such limitations.  The ALJ's failure either to

include these limitations in the RFC or to discuss why he

omitted them precludes the Court from determining whether the RFC is supported by substantial evidence.  Where, as here, there is potentially conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination.  See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)).  See also Fargnoli, 247 F.3d at 42.  While the ALJ was by no means required to simply adopt all of the non-exertional limitations found by the consultative examiner, he was at least required to explain his basis for rejecting them.

Accordingly, remand is required to allow for further discussion as to the ALJ's rationale for rejecting Dr. Nadella's opinion regarding Plaintiff's ability to stand and walk, and to provide some basis for determining what, if any, non-exertional limitations should be included in Plaintiff's RFC.  The Court emphasizes that it is not suggesting that any specific additional limitations must be included in the RFC, and the Court expresses no opinion as to whether the ALJ's RFC determination in regard to Plaintiff's impairments **could** be supported by the record.  It is the need for further explanation that mandates the remand here.[4]

---

[4]      To the extent that Plaintiff asks this Court to reverse the ALJ's decision and award benefits, the record simply does not

**V.    Conclusion**

In short, the record does not permit the Court to determine

whether the ALJ's consideration of the opinion of the

consultative examiner and his determination of Plaintiff's RFC

are supported by substantial evidence, and, accordingly, the

Court finds that substantial evidence does not support the ALJ's

decision in this case.  The Court hereby remands this case to

the ALJ for reconsideration consistent with this Order.


                                    s/Alan N. Bloch
                                    United States District Judge


ecf:      Counsel of record

---

allow the Court to do so.  The Court cannot find that
substantial evidence in the record as a whole indicates that
Plaintiff is disabled and entitled to benefits.  See Podedworny
v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).